UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN KASTNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Civ. No. 2:25-cv-4048 (WJM)<br><br>AMENDED OPINION |

    This is an administrative tort claim under the Federal Tort Claims Act ("FTCA"). Defendant United States of America ("Defendant" or "Government") moves to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6). ECF No. 4. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion to dismiss is **granted.**

**I.     BACKGROUND**

    Karen Kastner ("Plaintiff") alleges that she sustained injuries from her slip and fall at the icy parking lot of the Hillsdale Post Office on December 15, 2020 at 9:35 AM. USPS received Plaintiff's tort claim on February 8, 2021 and denied it on September 7, 2021. Prior to denial of her claim, Plaintiff filed her initial suit (21-cv-13624) on July 14, 2021. The parties have completed discovery and submitted a joint final pretrial order. A bench trial is set for September 29, 2025. 28 U.S.C. § 2402. On March 24, 2025, the Government raised a jurisdictional issue that it contends it did not previously realize - lack of subject matter jurisdiction under 28 U.S.C. § 2675(a) due to Plaintiff's premature filing of her action before exhausting her administrative remedies. On April 28, 2025, after a hearing on the jurisdictional issue, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction and gave Plaintiff the opportunity to refile. While this newly filed on May 9, 2025 suit is not premature under § 2675(a), the Government moves to dismiss this action as out of time because it filed more than six months after notice of final denial of the administrative claim. *See* 28 U.S.C. § 2401(b).

**II.     DISCUSSION**

    A. <u>Motion to Dismiss Standard</u>

1

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). That is, although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

## B. Federal Tort Claims Act

Under the FTCA, a plaintiff must file suit "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). A failure to comply with this limitation period may "forever bar[]" the claim. Id. It is undisputed that Plaintiff did not file the present action within six months from the mailing of the September 7, 2021 denial. In contrast to the FTCA's exhaustion requirement, which is jurisdictional and cannot be waived, *see* 28 U.S.C. § 2675(a), the limitations period of an FTCA claim is non-jurisdictional and may be equitably tolled. *United States v. Kwai Fun Wong,* S. Ct. 1625, 1633 (2015). Equitable tolling is an "extraordinary remedy," and "is proper only when the principles of equity would make the rigid application of a limitation period unfair." *D.J.S.-W. by Stewart v. United States,* 962 F.3d 745, 750 (3d Cir. 2020) (cleaned up). "'It is especially appropriate to be restrictive' in extending this remedy [of equitable tolling] 'in cases involving the waiver of the sovereign immunity of the United States,' such as those arising under the FTCA." *Id.* at 750 (citing *Santos ex rel. Beato v. United States,* 559 F.3d 189, 197-98 (3d Cir. 2009).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (*citing e.g., Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)). The two requirements are "distinct elements" such that courts have rejected "requests for equitable

2

tolling where a litigant failed to satisfy one without addressing whether he satisfied the other." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256 (2016). The diligence prong "covers those affairs within the litigant's control" in contrast to the extraordinary-circumstances prong which covers "matters outside its control." *Id.* at 257.

Regarding the first prong, Plaintiff was remiss not to ensure timely filing of her claim from the start, which is a matter that was within her control. Although the Government was also remiss not to notice or raise the jurisdictional error at the start of the initial suit, it is Plaintiff who is the "'master of the complaint,' and therefore controls much about her suit." *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). Thus, it is the claimant who bears the burden of timely pursuing her claim in compliance with 28 U.S.C. §§ 2675(a) and 2401(b). Plaintiff has not cited any legal or factual basis to shift the consequences of failing to do so onto the defendant in this case.

As to the second prong, the Third Circuit has described three "principal" though non-exclusive instances "when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances": (1) if the defendant "actively misled the plaintiff" as to her claim; (2) if "the plaintiff in some extraordinary way" was prohibited in declaring her rights; or (3) if the plaintiff "timely asserted ... her rights mistakenly in the wrong forum." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (internal quotations and citations omitted); *D.J.S.-W. by Stewart*, 962 F.3d at 750. The extraordinary circumstance prong "of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 577 U.S. at 257 (emphasis in original) (reaffirming that litigant must show that some extraordinary circumstance "*stood in his way*" and that that phrasing would "make little sense if equitable tolling were available when a litigant was responsible for its *own* delay"). Here, Plaintiff accuses the Government of knowing about the jurisdictional error (premature filing of the initial suit) and thus "assumes" the Government made a calculated decision to ambush and deliberately mislead her as well as cause her to incur excessive litigation costs. There is, however, not even a scintilla of evidence that suggests that the Government acted in bad faith or intentionally sought to "actively mislead" Plaintiff. She has not shown that she was prevented in "some extraordinary way" by circumstances beyond her control from timely pursuing her claims at the outset or from noticing and curing any jurisdictional defect within the limitations period.

Even if the delay in filing a timely suit was due to counsel error, that would not constitute "extraordinary" circumstances for purposes of equitable tolling. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *compare D.J.S.-W. by Stewart*, 962 F.3d at 750 (noting tolling does not extend to "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." (citing *Holland v. Florida*, 560 U.S. 631, 651–52 (2010)), *with Santos*, 559 F.3d at 200-01 (finding equitable

3

tolling applicable where plaintiff and counsel were diligent in pursuing and preserving claims *and* counsel diligently inquired into employment status of defendants but none of these inquiries "gave him a clue" that defendants had been deemed federal employees and thus subject to FTCA).

Next, Plaintiff contends dismissal of her suit is inappropriate because discovery was conducted for 1090 days, *in limine* motions have been filed, and a trial date is set. The Court is certainly mindful of the advanced stage of this litigation and the expenditure of time and money by both sides. However, Plaintiff has not identified any caselaw in which courts have held that the completion of discovery and the inadvertent delay in realization of the jurisdictional defect constitute extraordinary circumstances outside of her control that warrant equitable tolling.

Lastly, while the Government may have had timely notice of Plaintiff's claim as well as adequate opportunity to investigate and preserve critical evidence, "the absence of prejudice to the opposing party 'is not an independent basis for invoking the doctrine [of equitable tolling] and sanctioning deviations from established procedures.'" *Menominee Indian Tribe of Wisconsin*, 577 U.S. at 259, n.5 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (*per curiam*)). "Rather, the absence of prejudice is 'a factor to be considered in determining whether the doctrine of equitable tolling should apply *once a factor that might justify such tolling is identified*.'" *Id.* (citing *Baldwin*, 466 U.S. at 152) (emphasis added in *Menominee*). No such factor has been identified in this case.

In sum, Plaintiff has not met her burden to establish the elements of equitable tolling. Thus the "extraordinary remedy" of equitable tolling does not apply.

### III.  CONCLUSION

For the reasons noted above, Defendant's motion to dismiss is **granted**.

Date: July 7, 2025

_____
WILLIAM J. MARTINI, U.S.D.J.