UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN KASTNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Civ. No. 2:25-cv-4048 (WJM)<br><br>OPINION |

    This is an administrative tort claim under the Federal Tort Claims Act ("FTCA"). Pursuant to Local Rule 7.1(i), Plaintiff Karen Kastner ("Plaintiff") moves for reconsideration of this Court's June 30, 2025 decision, ECF Nos. 27, 28, amended on July 7, 2025, ECF Nos. 29, 30, dismissing the Complaint because the statute of limitations was not equitably tolled. Plaintiff seeks reconsideration. ECF No. 31. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion for reconsideration is **denied.**

I.    **BACKGROUND**

    Plaintiff alleges that she sustained injuries from a slip and fall at the icy parking lot of the Hillsdale Post Office on December 15, 2020. USPS received Plaintiff's tort claim on February 8, 2021 and denied it on September 7, 2021. Because Plaintiff filed her initial complaint, No. 21-cv-13624, ("First Action") on July 14, 2021 *before* her administrative claim was denied, her suit was jurisdictionally defective. After hearing argument on April 28, 2025 on this issue, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 2675(a). Plaintiff filed the same claim in a new action on May 9, 2025 ("Current Action"). ECF No. 1.

    On May 19, 2025, in lieu of an Answer, the Government promptly moved to dismiss the Current Action because the Complaint was filed more than six months *after* notice of final denial of the administrative claim. *See* 28 U.S.C. § 2401(b). In opposing the Government's motion to dismiss ("Opposition Brief"), apart from citing the standard for application of equitable tolling which Plaintiff did not argue applied, Plaintiff made the following arguments: 1) the Current Action was not filed late but prematurely (prior to the administrative denial); 2) the Government should have raised the jurisdictional defect earlier during the First Action and acted in bad faith in failing to do so; 3) the parties engaged in extensive litigation including completion of 1090 days of discovery and had a

1

firm trial date; and 4) premature filing of the First Action did not prejudice the Government. While the First Action that was prematurely filed, the § 2401(b) statute of limitations had expired during the pendency of the First action. Thus, in light of the Current Action's late filing, the Court examined whether equitable tolling applied. However, finding that equitable tolling did not apply, the Court dismissed the Current Action. Plaintiff now moves for reconsideration of that decision.

## II. DISCUSSION

Local Civil Rule 7.1(i) states that the party seeking reconsideration set forth the matter or controlling decisions that the Court has overlooked. A motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision or attempts "to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order," are not appropriate bases on which to bring a motion for reconsideration. *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019); *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp.2d 349, 352 (D.N.J.2001). "A motion for reconsideration is 'an extremely limited procedural vehicle' which is to be granted 'sparingly.'" *Brady v. Twp. of Woodbridge*, No. 19-17868, 2022 WL 111060, at *1 (D.N.J. Jan. 12, 2022) (quoting *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp.2d 627, 662 (D.N.J. 2000)).

Plaintiff argues that reconsideration is proper because the Court overlooked her contention that the Government waived its § 2401(b) affirmative defense by not raising it within a reasonable time before the parties engaged in extensive litigation in the First Action. Contrary to Plaintiff's belief that the waiver issue was "admittedly not perfectly briefed," Pl.'s Mot. at 11, ECF No. 31, her Opposition Brief was in fact altogether silent on waiver. Instead, Plaintiff blamed the Government for not raising the § 2675(a) jurisdictional defect earlier in the First Action, which is separate and distinct from the § 2401(b) statute of limitations waiver argument that Plaintiff now presents. Indeed, Plaintiff contends here for the first time that the § 2401(b) statute of limitations defense became "ripe" on February 3, 2022 (six months after denial of the administrative claim) even though the then pending action was not filed out of time. Notwithstanding whether this argument has any merit,[1] the Court did not overlook it as it was not neither previously raised nor based on new law or previously unavailable evidence.

---

[1] *Cf. Knox v. United States*, No. 15-198, 2016 WL 1355046, at *3 (E.D. Ky. Apr. 5, 2016) (granting motion to dismiss second filed FTCA action since § 2401(b) "statute of limitations was not tolled while Plaintiffs first case was pending in this Court and his failure to comply with the six month statute of limitations bars the present [second filed] action.")

2

Next, Plaintiff contends reconsideration is warranted because of the Court's comments during the April 28, 2025 proceeding that barring Plaintiff's suit seems inequitable and unfair. Even if the Court's remarks had been rulings, which they were not, Plaintiff's Opposition Brief contained only a single statement that the Court "alluded to" principles of equity and fairness. Such "'passing reference' to an issue in an opening brief will not suffice to put a party on notice that the moving party is moving on that particular issue." *Halpern v. Centroid Sys., Inc.*, No. 24-07037, 2024 WL 4533370, at *3 (D.N.J. Oct. 21, 2024) (citing *Bayer AG v. Schein Pharms., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd sub nom. Bayer AG v. Schein Pharms., Inc.*, 301 F.3d 1306 (Fed. Cir. 2002)). In any case, more broadly, the Court's decision to dismiss the Current Action did consider principles of equity when it examined the applicability of equitable tolling in accordance with binding legal standards.

Finally, Plaintiff newly argues that it was "understood" that the Current Action was to be treated not as a "wholly new action, but rather to cure the initial jurisdictional defect caused by the premature filing of the Complaint." Pl.'s Reply Br. at 3-4, ECF No. 33. Not only was this contention not previously raised in Plaintiff's Opposition Brief, but it was not even raised in her initial moving brief in support of her Motion for Reconsideration. Instead, it was argued for the first time in her *reply* brief, which Plaintiff did not obtain leave of Court to file. *See* Local Rule 7.1(d)(3) ("No reply papers shall be filed, unless permitted by the Court, relating to … Reconsideration under L. Civ. R. 7.1(i)"); *see also Atl. Power & Elec. Co. v. Big Jake*, 583 F. Supp. 3d 631, 642 (D.N.J. 2022) (noting that non-moving party has no opportunity to "respond to newly minted arguments contained in reply briefs" because sur-reply briefs are not permitted).

In sum, Plaintiff has not identified any dispositive facts or controlling decisions of law which were previously presented to the Court but overlooked. There is no basis to grant reconsideration and find, as Plaintiff urges, that she is a "victim to mere technicalities of the law" and excused from failing to comply with §§ 2675(a) and 2401(b) while holding the Government accountable for their "omissions and shortcomings." Pl.'s Reply at 4. Because a motion for reconsideration is not an opportunity to present new arguments that could have been argued in the underlying motion, Plaintiff's motion is **denied.**

### III. CONCLUSION

For the reasons noted above, Plaintiff's motion for reconsideration of the Court's decision to dismiss Plaintiff's Complaint is **denied.**

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: August 11, 2025

3